**Allyce M. FORD, Conservatrix for Golda P. Henderson, Plaintiff-Appellee,**

v.

**Edward R. HENDERSON, Defendant-Appellant.**

**No. 83CA0017.**

Colorado Court of Appeals, Div. II.

April 26, 1984.

Rehearing Denied June 14, 1984.

Certiorari Denied Nov. 19, 1984.

Nelson, Hoskin, Groves & Prinster, P.C., John W. Groves, Gregg K. Kampf, Grand Junction, for plaintiff-appellee.

White and Steele, P.C., Walter A. Steele, Michael L. O'Donnell, Denver, Buchanan, Thomas & Johnson, Don R. Teasley, Lakewood, for defendant-appellant.

BERMAN, Judge.

Defendant, Edward H. Henderson, appeals the trial court's denial of his motion for extension of time to file his notice of appeal from the trial court's final order and judgment in a contract action. We affirm the denial of the motion and dismiss the underlying appeal.

In May 1977, plaintiff, Allyce M. Ford, brought the cause of action against Henderson underlying this appeal. The action was one in contract, involving facts and legal issues which we need not recite here. It is sufficient to note that the trial court's final order and judgment in the action from which Henderson wished to appeal was issued March 25, 1982.

Henderson's motion for new trial was denied by the court's minute order dated May 11, 1982. The order was mailed on May 12, 1982, and received by Henderson's counsel on May 14, 1982.

Although, under C.A.R. 4, the deadline for filing a notice of appeal was June 11, 1982, Henderson's counsel marked on his calendar that the notice of appeal was due June 14, 1982. This mistake was apparently based on counsel's incorrect assumption that he had 30 days from May 10, 1982, plus three days for mailing in which to file his notice of appeal.

Upon reading C.A.R. 4 and realizing that the "date of mailing said notice" of entry of the court's order denying the motion for new trial, rather than the date of May 10, 1982, was the appropriate date from which the 30-day period ran, Henderson's counsel instructed his secretary, on June 10, 1982, to verify with the clerk of the trial court the exact due date of the notice of appeal and to obtain an extension of time, if necessary. On the first of the two phone calls

counsel's secretary made to the clerk of the court, the secretary was informed that, in the clerk's opinion, the deadline was the next day, June 11, 1982. When the secretary inquired about an extension of time, the clerk informed her that the judge to whom the case was assigned was on vacation.

The secretary then attempted to call the only other district court judge in the district in order to get an extension; however, that judge was on the bench and counsel's secretary was unable to contact him. The secretary then phoned the court clerk a second time and was told that she could go ahead and at least have the notice postmarked by June 11, 1982, and that it would be up to the judge as to whether it would be acceptable.

The notice of appeal was mailed Thursday, June 10, 1982, via the United States Postal Office Express Mail Service. However, although the mail received by the court is opened and date-stamped each business day, the notice of appeal was not received or stamped by the court until Monday, June 14, 1982.

Henderson's counsel took no further action on the matter after signing the notice of appeal and instructing his secretary on June 10, 1982. No one from counsel's office ever contacted the court after June 10, 1982, to see if the notice of appeal was received by the court.

On June 25, 1982, a letter was written to Henderson's attorney by a staff attorney of this Court advising him of an apparent jurisdictional defect caused by the untimely filing of the notice of appeal. Two weeks later, on July 9, 1982, Henderson's attorney first attempted to obtain an extension of time from the trial court.

On July 14, 1982, we granted Henderson's motion for extension of time to file his preliminary statement and remanded the case to the trial court for a ruling on the jurisdictional issue raised by Henderson's motion for extension of time to file notice of appeal. The trial court was directed to take evidence and forward its findings and conclusions together with a certified transcript of the hearing.

After a hearing on August 9, 1982, the trial court denied Henderson's motion for an extension of time. On August 24, 1982, we dismissed the appeal based upon the trial court's ruling. Mandate issued from this Court on September 20, 1982.

On October 4, 1982, we recalled the September 20, 1982, mandate, granted Henderson's petition for restoration to the docket and remanded the case to the trial court for a redetermination of the motion for extension of time to file a late notice of appeal. On October 14, 1982, the trial court held a rehearing and reaffirmed its previous denial of Henderson's motion.

On November 5, 1982, we issued to Henderson an order to show cause on or before November 19, 1982, why the appeal should not be dismissed for failure to file a notice of appeal within the time prescribed by C.A.R. 4(a). Henderson failed to respond to the order to show cause and this Court, on November 29, 1982, entered an order dismissing the appeal. Mandate issued on December 16, 1982.

On December 15, 1982, Henderson filed a second notice of appeal with this Court, announcing his intention to appeal the trial court's order denying his motion for extension of time to file notice of appeal. This second notice of appeal was docketed in this Court under Case No. 83CA0017, whereas the first notice of appeal was docketed under Case No. 82CA0814. Henderson has never responded to the order to show cause in Case No. 82CA0814, nor has he sought withdrawal of the Court's mandate of dismissal in that case, nor has he taken a writ of certiorari to the Supreme Court following final judgment of dismissal entered in that case.

The sole contention posited by Henderson in this appeal is that the trial court erred in denying his motion for an extension of time in which to file his notice of appeal. Despite the fact that this precise issue has been litigated by the parties herein on four previous occasions—twice in this Court and twice in the trial court—Hender-

son has seen fit to raise the issue yet another time, by filing a second notice of appeal, this time, some six months after the deadline for filing notice of appeal has expired. Thus, we seek herein to clarify, once again, the status of Henderson's appeal from the trial court's March 1982 order and judgment in the underlying contract action.

There is no dispute that, under C.A.R. 4, Henderson's original notice of appeal was late. It was due at the court on June 11, 1982, but it was not received by the court until June 14, 1982.

Under C.A.R. 4(a), the trial court had discretion to extend the time for filing a notice of appeal, but only "upon a showing of excusable neglect."[1] Henderson has consistently contended that his reliance on the post office's assurance of timely delivery of his notice of appeal constitutes "excusable neglect." However, on August 9, 1982, and again on October 14, 1982, the trial court found that such reliance did not constitute excusable neglect.

We voiced our agreement with that trial court's finding: (1) by our initial dismissal of Henderson's appeal on August 24, 1982; (2) by our issuance to Henderson on November 5, 1982, of the order to show cause; and (3) by dismissal of Henderson's appeal on November 29, 1982. Neither the filing of a second untimely notice of appeal by Henderson, nor Henderson's repetition of arguments previously made with regard to his first untimely notice of appeal, have succeeded in revealing any legal rationale justifying a reversal of our previous position. Simply, notwithstanding Henderson's citation of authority from other jurisdictions to the contrary, the trial court was correct in finding that Henderson's reliance on the postal service for timely delivery of his notice of appeal did not constitute excusable neglect. *See Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983).

Appeal dismissed.

STERNBERG and BABCOCK, JJ., concur.

---

**1.** Under the new C.A.R. 4(a), effective January 1, 1984, the trial court no longer has this discretion; rather, such discretion is reserved exclusively to the appellate court.