Shelley HILLEN, Plaintiff–Appellant,

v.

COLORADO COMPENSATION INSURANCE AUTHORITY, a corporation and political subdivision of the State of Colorado, Defendant–Appellee.

No. 93CA0241.

Colorado Court of Appeals, Div. I.

Sept. 8, 1994.

Van Horne, Noall & Hodges, P.C., Richard M. Hodges, L. Scott Noall, Anthony J. Kohler, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Larry D. Tannenbaum, Sr. Asst. Atty. Gen., Tilly &

Graves, P.C., Greg L. Perczak, Christopher P. Seerveld, Denver, for defendant-appellee.

Dallas, Holland & O'Toole, P.C., Neil D. O'Toole, Denver, Dawes and Harriss, P.C., Robert C. Dawes, Durango, for amicus curiae The Colorado Trial Lawyers Ass'n and Workers Compensation Educ. Ass'n.

Opinion by Judge METZGER.

Plaintiff, Shelley Hillen, appeals the judgment dismissing her claims against defendant, Colorado Compensation Insurance Authority. We dismiss the appeal.

Defendant asserts that this court lacks jurisdiction to consider the issues on the merits because the notice of appeal was untimely filed. We agree.

■ C.A.R. 4(a) requires an appeal in a civil case to be filed with the appellate court within 45 days from the date of the mailing of the notice of judgment by the trial court. The filing of a notice of appeal within the time limits established by C.A.R. 4(a) is mandatory and jurisdictional. *Sheraton Steamboat Corp. v. State Board of Assessment Appeals*, 765 P.2d 1050 (Colo.App.1988).

C.A.R. 4(a) goes on to provide for an extension of time. It states:

Upon a showing of excusable neglect, the appellate court may extend the time for filing the notice of appeal by a party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this section (a). Such an extension may be granted before or after the time otherwise prescribed by this section (a) has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

Therefore, in some instances, a party may have a total of 75 days from the date of the trial court's mailing of the judgment to file a notice of appeal.

■ There is a limited exception to this general rule, which applies if the party filing a late notice of appeal can establish the existence of unique circumstances for the late filing. *Converse v. Zinke*, 635 P.2d 882 (Colo.1981).

■ This court has jurisdiction to consider a request to file a late notice of appeal if unique circumstances exist. *P.H. v. People*, 814 P.2d 909 (Colo.1991). In *P.H.*, our supreme court determined that, if counsel reasonably relies on an erroneous trial court action which results in the late filing of a notice of appeal, then unique circumstances have been established. *See also Weason v. Colorado Court of Appeals*, 731 P.2d 736 (Colo.1987) (reaching the same result in the criminal context).

■ No unique circumstances exist here. The judgment entered on December 2, 1992, by the trial court provided: "A judgment of dismissal is entered, dismissing the action with prejudice.... plaintiff's motion for rule 54(b) certification is moot." This was sufficiently clear to apprise counsel that a final, appealable judgment had been entered.

And, the procedural history of this case after the entry of judgment reveals no unique circumstances that would justify the late filing of the motion for extension of time to file the notice of appeal.

The register of actions shows that the trial court sent the judgment to counsel on December 2, 1992. Therefore, the original 45-day appeal period expired on January 19, 1993. C.A.R. 4(a).

On February 5, 1993, plaintiff filed a notice of appeal in the Colorado Supreme Court. On February 12, 1993, the supreme court transferred the appeal to the Court of Appeals by order, and noted: "The Court makes no determination as to the timeliness of this appeal."

Then on February 19, 1993, after the expiration of the 75 days provided in C.A.R. 4(a), defendant filed a motion in the Court of Appeals to dismiss the appeal for lack of jurisdiction because of untimely filing. Plaintiff filed a response to that motion to dismiss and a motion for extension of time to file a notice of appeal on March 4, 1993.

Plaintiff's motion and response listed two grounds to support the request for extension. First, they indicated that, well within the original 45-day filing period, plaintiff's counsel had prepared a notice of appeal and had

mailed it to opposing counsel. Therefore, plaintiff argued, no prejudice could possibly have resulted to defendant by the filing of a late notice of appeal.

Second, the response and motion asserted the existence of unique circumstances. In an attached affidavit by counsel for plaintiff, he stated that he had instructed members of his office staff to make the appropriate filings of the notice of appeal at the time he had instructed them to mail a copy of the notice of appeal to opposing counsel. However, the notice of appeal was not filed. When he discovered this fact, plaintiff's counsel caused the notice of appeal to be filed in the supreme court on February 5, 1993, within the 30–day extension time provided by C.A.R. 4(a).

We hold that plaintiff has failed to show the existence of unique circumstances. The provisions of C.A.R. 4(a) are quite specific in requiring that, if a notice of appeal is filed more than 45 days after the entry of the judgment in the trial court, a request for extension of time must be filed with the appellate court. Even though the notice of appeal was erroneously filed with the supreme court within the 30–day limit, no motion for extension of time accompanied it.

Nor was such a motion filed between February 12 and February 19, 1993, when the motion to dismiss was filed by defendant. We view this to be significant in light of the supreme court's specific notation on its transfer order quoted above.

■ When the motion for extension of time was finally filed in response to defendant's motion to dismiss, the explanation given was, in essence, inadvertence and reliance upon the actions of others. However, those reasons are insufficient to show unique circumstances. *See Cox v. Adams,* 171 Colo. 37, 464 P.2d 513 (1970); *Ford v. Henderson,* 691 P.2d 754 (Colo.App.1984).

■ We recognize that a motions division of this court granted plaintiff's extension of time and denied defendant's motion to dismiss on March 12, 1993. However, inasmuch as the issue of jurisdiction can be raised at any time during the proceedings, that determination is not binding here. *San-*

*chez v. Straight Creek Constructors,* 41 Colo. App. 19, 580 P.2d 827 (1978).

Accordingly, this appeal is dismissed with prejudice.

RULAND and ROY, JJ., concur.