2012 COA 6

**FARM DEALS, LLLP, Farms of Hasty, LLLP, Kindone, LLLP, and Vanman, LLLP, Plaintiffs–Petitioners,**

v.

**STATE of Colorado, Colorado Department of Revenue, and Executive Director for the Colorado Department of Revenue, Defendants–Respondents.**

No. 11CA2467.

Colorado Court of Appeals, Div. A.

Jan. 5, 2012.

Larry D. Harvey, PC, Larry D. Harvey, Englewood, Colorado, for Plaintiffs–Petitioners.

John W. Suthers, Attorney General, Melanie J. Snyder, Assistant Attorney General, Eric T. Meyer, Assistant Attorney General,

Alison K. Blair, Assistant Attorney General, Denver, Colorado, for Defendants–Respondents.

Opinion by Judge J. JONES.

¶ 1 Petitioners, Farm Deals, LLLP; Farms of Hasty, LLLP; Kindone, LLLP; and Vanman, LLLP, have filed a petition to appeal an interlocutory order of the trial court pursuant to section 13–4–102.1, C.R.S. 2011, and C.A.R. 4.2. Their underlying motion for certification was not filed in the trial court within the time provided by C.A.R. 4.2(c). We conclude that the trial court erred in allowing petitioners to file their motion for certification of the order sought to be appealed beyond that deadline because a trial court does not have authority to extend it. Petitioners have also moved for leave to file the petition late. Because we conclude that petitioners have not shown good cause for their failure to file the petition by the deadline in C.A.R. 4.2(d), we deny the motion and dismiss the petition.

## I. Background

¶ 2 Petitioners filed an appeal in the trial court challenging determinations by the Colorado Department of Revenue denying income tax credits for conservation easements during the 2003 tax year. In their complaint, petitioners allege that they made charitable contributions of conservation easements during 2003, and that they sold resulting conservation easement tax credits to various transferees for value, but that the Department disallowed most of the value of the gifts. Petitioners sought a determination of the rights of the transferees in the conservation easement tax credits. They did not, however, name the transferees as parties.

¶ 3 Respondents, the Department and its Executive Director, moved for an order requiring petitioners to join the transferees as parties pursuant to C.R.C.P. 19. Over petitioners' objection, the court granted the motion.

¶ 4 Respondents then filed a motion requesting the court to order petitioners to personally serve each of the transferees (of whom there are about eighty) with a summons and the complaint in accordance with C.R.C.P. 4. Contending that service by mail is permitted in these circumstances under section 39–21–105.5, C.R.S.2011, petitioners opposed the motion.

¶ 5 By order dated and filed September 29, 2011, the court ruled as follows:

1. Section 39–21–105.5 does not apply here.

2. Section 39–22–522.5, C.R.S.2011, which specifically applies to the resolution of disputes over conservation easement tax credits, requires district courts to hear appeals thereunder "in accordance with the Colorado rules of civil procedure." *See* § 39–22–522.5(2)(n).

3. Therefore, petitioners must personally serve the transferees in accordance with C.R.C.P. 4.

4. The summons to each transferee must advise the transferee of the action, inform the transferee that he or she has twenty days to answer or otherwise respond to the complaint, and inform the transferee that a default judgment may be entered against him or her if he or she fails to timely respond to the complaint.

¶ 6 At a status conference on October 12, 2011, the parties and the court apparently discussed the possibility of petitioners attempting an interlocutory appeal of the court's September 29 order. That same day, the court entered an order stating, as relevant here, that petitioners "shall notify the Court and opposing counsel by October 19, 2011, whether or not they will seek an interlocutory appeal of the order requiring them to personally serve their tax credit transferees."

¶ 7 On October 19, 2011, petitioners filed a motion in the trial court requesting certification of the September 29 order for interlocutory appeal under section 13–4–102.1. *See* C.A.R. 4.2(c). Respondents opposed that motion for several reasons, including that petitioners had not filed it within fourteen days of September 29, as required by C.A.R. 4.2(c).

¶ 8 By order dated November 15, 2011, the

court granted the motion for certification.[1] As to the timeliness issue, the court ruled that it had authority under C.R.C.P. 6(b) to extend the deadline in C.A.R. 4.2(c), and that its October 12 order had done so.

¶ 9 On December 7, 2011, petitioners filed their petition to appeal in this court, requesting leave to appeal the service of process issues decided by the trial court in its September 29 order and certified by the trial court in its November 15 order. *See* C.A.R. 4.2(d). Recognizing that they had filed their petition with this court after the fourteen-day deadline set by C.A.R. 4.2(d), petitioners also filed a motion to permit the late filing of the petition.

¶ 10 These circumstances require us to decide certain procedural questions arising under recently adopted C.A.R. 4.2: first, whether a trial court can extend the deadline for filing a motion for certification under C.A.R. 4.2(c); and second, whether the deadline in C.A.R. 4.2(d) for filing a petition to appeal is jurisdictional.

## II. Discussion

¶ 11 Section 13–4–102.1(1) provides:

The court of appeals, under rules promulgated by the Colorado supreme court, may permit an interlocutory appeal of a certified question of law in a civil matter from a district court or the probate court of the city and county of Denver if:

(a) The trial court certifies that immediate review may promote a more orderly disposition or establish a final disposition of the litigation; and

(b) The order involves a controlling and unresolved question of law.

¶ 12 The Colorado Supreme Court promulgated C.A.R. 4.2 to establish procedures to be followed by litigants and courts in applying section 13–4–102.1. That rule provides, in pertinent part, that a party desiring to ap-

peal an interlocutory order must, first, file a motion for certification of issues in the trial court and, second, file a petition to appeal the certified order in the court of appeals. It also specifies when a party desiring to appeal an interlocutory order must file the motion and subsequent petition. C.A.R. 4.2(c) provides that "[t]he party seeking to appeal shall move for certification or submit a stipulation signed by all parties within fourteen days after the date of the order to be appealed...." C.A.R. 4.2(d) provides that if the trial court certifies an order for interlocutory appeal, "the party seeking an appeal shall file a petition to appeal with the clerk of the court of appeals with an advisory copy served on the clerk of the trial court within fourteen days of the date of the trial court's certification."

¶ 13 Here, petitioners did not meet either deadline.

### A. A Trial Court May Not Extend the C.A.R. 4.2(c) Deadline

¶ 14 Assuming that the trial court's October 12 order extended the fourteen-day deadline in C.A.R. 4.2(c) for filing a motion for certification, we conclude that the court did not have authority to do so under C.R.C.P. 6(b). That rule governs extensions of time, but only "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time...." The phrase "these rules" plainly refers to the Colorado Rules of Civil Procedure, of which C.R.C.P. 6 is a part. Therefore, by its own clear terms, C.R.C.P. 6(b) does not apply to a time period specified by the Colorado Appellate Rules. *See People v. Fuqua,* 764 P.2d 56, 59 (Colo. 1988) (if the language of a rule is plain and unambiguous, it must be applied as written; interpreting rule of criminal procedure); *In re Marriage of Eisenhuth,* 976 P.2d 896, 899 (Colo.App.1999) (same; interpreting rule of

---

1. The court certified the following two issues for interlocutory appeal:

   A. Whether the Plaintiffs must personally serve the tax credit transferees, in accordance with C.R.C.P. 4 with the amended complaint and a standard summons; and

   B. Whether the summons must include the standard language approved by the Supreme

Court advising the Transferee(s) of the pendency of the action, that he or she has 20 days to answer or otherwise respond to the Amended Complaint and that failure to file such a response could result in a default judgment entered against him or her.

civil procedure); *People v. Jackson*, 972 P.2d 698, 700 (Colo.App.1998) (same; interpreting rule of appellate procedure).

¶ 15 Nor is there any other source of authority for the trial court's action. C.A.R. 4.2 itself says nothing about extending the deadlines established therein. C.A.R. 26(b) provides for enlarging time periods set forth in the appellate rules, but it expressly gives such authority only to "[t]he appellate court." *Cf. Collins v. Boulder Urban Renewal Auth.*, 684 P.2d 952, 954 (Colo.App.1984) (district court lacked authority to extend time for filing notice of appeal under C.A.R. 4(a); rule clearly vested the appellate court with that authority).

¶ 16 A trial court also lacks inherent authority to extend the deadline in C.A.R. 4.2(c). Such authority "is generally limited to matters that are reasonably necessary for the proper functioning of the judiciary," *Bd. of Cnty. Comm'rs v. Nineteenth Judicial Dist.*, 895 P.2d 545, 548 (Colo.1995), and extending rule-imposed time periods in particular cases is not such a matter. *Cf. Robertson v. Robertson*, 113 Wash.App. 711, 54 P.3d 708, 710 (2002) (trial court lacked inherent authority to ignore statutory deadline for filing a particular type of motion).

¶ 17 Therefore, we conclude that the trial court lacked authority to extend the deadline set by C.A.R. 4.2(c). However, we need not decide whether petitioners' failure to meet that deadline deprives us of jurisdiction over their petition or, if so, whether the doctrine of "unique circumstances" excuses their failure. *See In re C.A.B.L.*, 221 P.3d 433, 438–41 (Colo.App.2009) (party's failure to comply with jurisdictional deadline for filing a notice of appeal excused by "unique circumstances" doctrine, which applies when a party has been affirmatively misled by a court's ruling). This is so because we also conclude below that petitioners have failed to establish good cause for their failure to meet the jurisdictional deadline of C.A.R. 4.2(d).

### B. The Petition is Untimely Under C.A.R. 4.2(d)

¶ 18 The fourteen-day C.A.R. 4.2(d) deadline for filing a petition to appeal under section 13–4–102.1 is akin to the deadlines for filing a notice of appeal in a civil case set forth in C.A.R. 4(a) and for filing an interlocutory appeal in a criminal case set forth in C.A.R. 4.1(b). The latter two deadlines are jurisdictional—that is, a party's failure to file the notice of appeal or interlocutory appeal by the applicable deadline deprives the appellate court of jurisdiction to consider the appeal. *People v. Lingo*, 806 P.2d 949, 951–52 (Colo.1991) (applying C.A.R. 4.1(b)); *In re C.A.B.L*, 221 P.3d at 438 (applying C.A.R. 4(a)); *Hillen v. Colo. Comp. Ins. Auth.*, 883 P.2d 586, 587 (Colo.App.1994) (applying C.A.R. 4(a)); *cf. People in Interest of A.J.H.*, 134 P.3d 528, 530 (Colo.App.2006) (timely filing of appeal under C.A.R. 3.4(b) challenging order terminating parental rights is jurisdictional). Nothing in the text of C.A.R. 4.2 indicates that the deadline in C.A.R. 4.2(d) should not also be regarded as jurisdictional, and we conclude that it is.

¶ 19 However, this conclusion does not end the inquiry because C.A.R. 26(b) provides that "[t]he appellate court for good cause shown may upon motion enlarge the time prescribed by these rules ... for doing any act, or may permit an act to be done after the expiration of such time...." Though C.A.R. 26(b) says that no such enlargement may be made for filing a notice of appeal under C.A.R. 4(a), it does not currently contain a like exception for C.A.R. 4.2(d).[2] Hence, pursuant to C.A.R. 26(b), we may extend the time for filing under C.A.R. 4.2(d).

¶ 20 To obtain an extension for "good cause" under C.A.R. 26(b), a party must establish that its failure to meet the applicable deadline was due to "excusable neglect." *Estep v. People*, 753 P.2d 1241, 1247 (Colo.1988). "The conduct of a party's legal representative constitutes excusable neglect when surrounding circumstances would cause a reasonably prudent person similarly

---

**2.** We observe that the federal counterpart to C.A.R. 26(b), Fed. R.App. P. 26(b), expressly says that a court may not enlarge the time for filing a petition for permission to appeal under the federal counterpart to section 13–4–102.1 and C.A.R. 4.2, 28 U.S.C. § 1292(b).

to overlook a required act in the performance of some responsibility. However, common carelessness and negligence by the party's attorney does not amount to excusable neglect." *Guevara v. Foxhoven,* 928 P.2d 793, 795 (Colo.App.1996) (internal citation omitted); *see also Estep,* 753 P.2d at 1247 (carelessness is not excusable neglect); *Farmers Ins. Grp. v. Dist. Court,* 181 Colo. 85, 89, 507 P.2d 865, 867 (1973) (failure to act due to carelessness and negligence is not excusable neglect, which occurs "as the result of some unavoidable hindrance or accident").

¶ 21 Here, petitioners' counsel states only that he entrusted the filing of the petition to his secretary, who initially filed the petition in the trial court rather than the court of appeals, and that he "is unfamiliar with Lexis Nexis filing." These assertions are inadequate to show excusable neglect because they show mere carelessness. The rule is clear as to when and where the petition to appeal must be filed. Counsel essentially failed either to read the rule or to instruct his support personnel accordingly. *Cf. Estep,* 753 P.2d at 1247 (counsel's failure to calendar the correct filing date for the notice of appeal was due to inattention and therefore was not excusable neglect); *Hillen,* 883 P.2d at 587–88 (counsel's failure to timely file the notice of appeal was due to inadvertence and reliance on others, and therefore was not excusable neglect); *Collins,* 684 P.2d at 954 (counsel's filing of the notice of appeal in the trial court rather than the court of appeals was due to unfamiliarity with the rule, and therefore did not constitute unique circumstances).

¶ 22 Therefore, we deny petitioners' motion for leave to permit the late filing of their petition. Because the petition is untimely, we dismiss it.

Judge WEBB and Judge GABRIEL concur.