Opinion by JUDGE TAUBMAN
*92 ¶ 1 In this interlocutory appeal brought under C.A.R. 4.2, petitioner, the Denver Department of Human Services (Department), has filed a petition to appeal an interlocutory order of the trial court pursuant to section 13-4-102.1, C.R.S.2013. We conclude that the underlying motion for certification was not filed timely in the juvenile court under C.A.R. 4.2(c) because the Department's motion for reconsideration did not toll the time for filing a motion for certification. We further conclude that because the Department has not shown good cause to enlarge the time prescribed in C.A.R. 4.2, the petition must be dismissed.
I. Background
¶ 2 On October 23, 2013, the Department filed a petition in dependency and neglect, asserting that the minor child, A.M.C., was dependent or neglected by respondent parents. At a custody hearing eleven days later before a magistrate, the respondent mother denied the allegations of the petition and requested a jury trial.
¶ 3 On November 5, 2013, the Department disclosed to respondent mother and her attorney that a paralegal employed by the city attorney's human services legal staff was the aunt of the respondent father. Accordingly, even though the father's whereabouts were unknown and he had not participated in this case, the mother asserted to the juvenile court on November 12 that the above circumstance created a conflict of interest. The juvenile court agreed and ordered the appointment of a special prosecutor.
¶ 4 Eight days later, on November 20, the Department filed a motion for reconsideration, arguing that the relationship between the paralegal and the respondent father was not a disqualifying conflict of interest warranting the appointment of a special prosecutor. The juvenile court orally denied the motion for reconsideration on December 10, concluding that a special prosecutor was necessary to avoid the appearance of impropriety and that an ethical wall would not alleviate the need for disqualification. See generally Colo. RPC 1.10(e) (permitting screening of lawyer from participation in matter in certain circumstances).
¶ 5 Asserting that the juvenile court's decision would improperly deny the Department its choice of counsel if the order requiring the appointment of a special prosecutor stood, the Department filed in the juvenile court a motion for certification of the disqualification order for the purpose of interlocutory appeal. That motion was filed on December 23, 2013, forty-one days after the disqualification order. The juvenile court granted the Department's motion on January 2, 2014, and the Department filed its petition for interlocutory review in this court on January 9, 2014.
¶ 6 Because this court questioned the timeliness of the motion for certification, the division requested that the parties provide briefs addressing this issue.
¶ 7 Following the receipt of a brief from the Department, we now conclude, for the reasons set forth below, that certification of the disqualification order was not timely sought in the juvenile court, and that the Department has not demonstrated good cause to enlarge the time prescribed in C.A.R. 4.2.
II. Discussion
A. Procedural Framework
¶ 8 Under section 13-4-102.1(1) and C.A.R. 4.2, the court of appeals may permit an interlocutory appeal of a certified question of law in a civil matter from a district court if (a) the district court certifies that immediate review may promote a more orderly disposition or establish a final disposition of the litigation and (b) the order involves a controlling and unresolved question of law.
¶ 9 To pursue an interlocutory appeal, a party must file a motion for certification of issues in the district court and also file a petition to appeal the certified order in the *93 court of appeals. See Farm Deals, LLLP v. State, 2012 COA 6, ¶ 12, 300 P.3d 921, 923. C.A.R. 4.2(c) requires that the party seeking to appeal shall move for certification or submit a stipulation signed by all parties "within 14 days after the date of the order to be appealed." C.A.R. 4.2(d) provides that after the trial court certifies an order for interlocutory appeal, "the party seeking an appeal shall file a petition to appeal with the clerk of the court of appeals with an advisory copy served on the clerk of the trial court within 14 days of the date of the trial court's certification."
¶ 10 A trial court does not have authority under C.R.C.P. 6(b) to extend the fourteen-day deadline for filing a motion for certification of issues in the trial court. Farm Deals, ¶ 14.
B. Timeliness of Filing a Motion for Certification in Juvenile Court
¶ 11 The Department asserts that its motion for certification was timely filed in the juvenile court, because its motion for reconsideration tolled the period for filing such petition. We disagree.
¶ 12 The juvenile court ruled orally on November 12, 2013, that a special prosecutor was required. The Department's motion for reconsideration was filed eight days later on November 20, and the juvenile court denied the motion for reconsideration on December 10. Thus, the Department contends that because its motion for certification was filed thirteen days after the juvenile court's denial of its motion for reconsideration, it was timely. The Department further argues that since its motion for reconsideration "was in the nature of a motion pursuant to C.R.C.P. 59, which tolls the time of filing a notice of appeal," its motion for certification in the juvenile court was timely filed.
¶ 13 It is true that a timely filed C.R.C.P. 59 motion tolls the time for filing a notice of appeal. Goodwin v. Homeland Cent. Ins. Co., 172 P.3d 938, 944 (Colo.App.2007). However, we reject the Department's contention that its motion for reconsideration was a C.R.C.P. 59 motion.
¶ 14 C.R.C.P. 59 provides a variety of circumstances in which a party may file a post-trial motion "[w]ithin 14 days of entry of judgment." Here, there has been no trial in the juvenile court and no judgment has been entered. Accordingly, C.R.C.P. 59 does not apply. See Goodwin, 172 P.3d at 944 (motion to reconsider seeking reconsideration of an order denying additional discovery or, alternatively, the entry of final judgment, was not proper under C.R.C.P. 59 ).
¶ 15 Consequently, the Department was required to file its motion for certification of an interlocutory appeal by November 26, 2013. Because it did not do so until December 23, its filing was untimely. To the extent the Department argues that the trial court implicitly extended the period for filing the motion for certification by considering and denying the motion for reconsideration, we conclude that it lacked authority to do so. See Farm Deals, ¶ 14.
C. Timeliness of Petition Filed in the Court of Appeals
¶ 16 The Department maintains that even if we were to conclude that its motion for certification was not filed timely in the juvenile court, we should allow the filing of the petition in this court to be considered timely under C.A.R. 26(b). Again, we disagree.
¶ 17 Although the deadline in C.A.R. 4.2(d) should be considered as jurisdictional, it may be extended "for good cause shown" under C.A.R. 26(b). Id . at ¶ 19 (internal quotation marks omitted). However, here the untimely filing occurred in the juvenile court, not in this court. (The Department's petition to appeal was filed within the deadline set by C.A.R. 4.2(d), calculated from the date the juvenile court granted the motion for certification.) Nevertheless, because C.A.R. 26(b) permits enlarging "the time prescribed by these rules," we consider the Department's argument as a request to extend the deadline for action in the trial court set by C.A.R. 4.2(c).
¶ 18 To obtain an extension for "good cause" under C.A.R. 26(b), a party must establish that its failure to meet the applicable *94 deadline was due to "excusable neglect." Id . at ¶ 20 (internal quotation marks omitted).
¶ 19 As the Farm Deals court noted, "[t]he conduct of a party's legal representative constitutes excusable neglect when surrounding circumstances would cause a reasonably prudent person similarly to overlook a required act in the performance of some responsibility. However, common carelessness and negligence by the party's attorney does not amount to excusable neglect." Id . at ¶ 20 (internal quotation marks omitted).
¶ 20 Here, the Department asserts that we should apply C.A.R. 26(b) because it acted promptly in filing its motion for reconsideration and believed in good faith that this motion tolled the period for filing the motion for certification.
¶ 21 We conclude, however, that the Department has not demonstrated good cause in this regard. We have determined that the motion for reconsideration which the Department filed was not proper under C.R.C.P. 59. The Department has not cited another rule that authorizes the filing of a motion for reconsideration of a trial court's interlocutory order. Nor has it cited any authority that the filing of a motion for reconsideration tolls the deadline for filing a motion for certification in the trial court. Additionally, although Goodwin did not address the filing of a motion for reconsideration under the circumstances presented here, it demonstrates that a motion to reconsider may not automatically be considered as a C.R.C.P. 59 motion which will toll the time to file a notice of appeal. See Overstreet v. Colo. Dep't of Revenue, 178 P.3d 1259, 1262 (Colo.App.2007) ( section 39-21-105(4), C.R.S.2013, does not authorize a taxpayer to toll the statutory period for filing a surety bond by filing a motion to reconsider); Jeffries v. Fisher, 66 P.3d 218, 219-20 (Colo.App.2003) (no statute or regulation authorized filing of motion to reconsider; thus, filing such a motion did not toll statutory period for seeking judicial review); Stone v. People, 895 P.2d 1154, 1155 (Colo.App.1995) ("We do not condone the prevalent use in trial courts of post-trial motions for reconsideration that are not mentioned in C.R.C.P. 59. ").
III. Conclusion
¶ 22 Accordingly, because the Department has not shown good cause, and the underlying motion for certification of issues in the trial court was untimely, we dismiss this interlocutory appeal.
JUDGE WEBB and JUDGE J. JONES concur.