25CA0978 Marriage of Nash 05-07-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0978
Larimer County District Court No. 19DR30162
Honorable Susan Blanco, Judge

---

In re the Marriage of

Anne Dixon McKay Nash n/k/a Anne Dixon McKay,

Appellee,

and

Benjamin Clarke Nash,

Appellant.

---

APPEAL DISMISSED IN PART, ORDER AFFIRMED,
AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE GROVE
Yun and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 7, 2026

---

Rice Law Office, P.C., Jennifer L. Rice, Fort Collins, Colorado, for Appellee

Benjamin Clarke Nash, Pro Se

¶ 1 Benjamin Clarke Nash (father) appeals the district court's orders affirming a contempt ruling entered by a district court magistrate and awarding attorney fees to Anne Dixon Nash n/k/a Anne Dixon McKay (mother). We dismiss the appeal in part as untimely filed and otherwise affirm. We also award mother her attorney fees and costs on appeal under C.A.R. 39.1 and 39(c)(1) and remand the case to the district court for the calculation of that award.

## I. Background

¶ 2 Mother and father married in 2013. Mother is a former art teacher who has not worked full-time since having the couple's two minor children. Father is a licensed Georgia attorney currently pursuing a different career. Mother filed for dissolution of the marriage in May 2019.

¶ 3 During the dissolution proceedings, a district court magistrate entered temporary orders dividing the couple's financial obligations. Among other things, the magistrate ordered father to pay "property taxes on all real property," including the jointly owned marital home.

1

¶ 4     In June 2021, the district court entered permanent orders on the petition for dissolution of the marriage.  As relevant here, the court (1) awarded mother the marital home; (2) ordered father to maintain a life insurance policy with both children named as beneficiaries and to provide mother proof of the policy within thirty days; and (3) ordered father to pay back taxes owed to the State of Georgia within thirty days.

¶ 5     Two years later, mother moved for remedial contempt sanctions.  In part, she alleged that father had failed to: (1) pay the 2020 property taxes on the marital home as had been required by the court's temporary orders; (2) provide proof of the life insurance policy; and (3) pay the Georgia back taxes.  In a written order issued on March 20, 2024, a magistrate held father in contempt of court orders based on all three of mother's claims.  The magistrate granted mother's request for attorney fees and costs in connection with the contempt proceedings.

¶ 6     What followed was a lengthy series of motions and petitions for review filed by father that repeatedly challenged the magistrate's contempt sanctions; a May 14, 2024, district court order upholding those contempt sanctions; and various resulting awards of attorney

fees to mother. As described in more detail below, the district court affirmed the contempt sanctions numerous times and subsequently affirmed or granted multiple awards of attorney fees to mother related to each of father's challenges.

¶ 7 Father now appeals, arguing the district court erred when it upheld (1) the contempt sanctions and (2) awarded attorney fees to mother. Before turning to the merits of father's arguments, however, we must first consider whether we have jurisdiction to address all of father's appellate contentions.

## II. Timeliness of Appeal

¶ 8 In his opening brief, father challenges the merits of both the March 20, 2024, magistrate order issuing contempt sanctions and the subsequent May 14, 2024, district court order upholding the magistrate order. Father also challenges three separate attorney fee awards that stem from that contempt order: (1) $5,690.13 awarded by the magistrate and affirmed by the district court on March 10, 2025; (2) $2,923.32 awarded by the district court on January 7, 2025; and (3) another $1,665 awarded by the district court on April 14, 2025.

¶ 9     We are unable to address father's merits claims and his challenge to the first two attorney fee awards because father did not timely appeal those orders.

A.     Applicable Law and Standard of Review

¶ 10    In civil cases, appellate jurisdiction is limited by several rules, two of which are relevant to our analysis. First, a final judgment or order is a prerequisite to appellate review. C.A.R. 1(a)(1); *L.H.M. Corp., TCD v. Martinez*, 2021 CO 78, ¶ 14. Second, the notice of appeal must be timely; here, the applicable rule required filing "within 49 days after entry of the judgment, decree, or order being appealed." C.A.R. 4(a)(1); *Stone Grp. Holdings LLC v. Ellison*, 2024 COA 10, ¶ 16.

¶ 11    An order is final when it ends the action at issue and leaves nothing further for the court pronouncing the order to do to determine the parties' rights. *Camp Bird Colo., Inc. v. Bd. of Cnty. Comm'rs*, 215 P.3d 1277, 1281 (Colo. App. 2009); *People in Interest of M.R.M.*, 2021 COA 22, ¶ 13; *see also People v. Maes*, 2024 CO 15, ¶ 13 (explaining that a magistrate's order becomes final when it fully resolves an issue or claim).

¶ 12     An award of attorney fees, however, is separate from a final order on the merits.  *Kennedy v. Gillam Dev. Corp.*, 80 P.3d 927, 929 (Colo. App. 2003); *see also L.H.M. Corp., TCD*, ¶ 2 ("A judgment on the merits is final for purposes of appeal notwithstanding an unresolved issue of attorney fees.").  Moreover, where the district court has granted attorney fees in its order on the merits but has deferred ruling on the amount of the award, the issue related to attorney fees is final after the award is reduced to a sum certain.  *See In re Marriage of Nelson*, 2012 COA 205, ¶¶ 10-18; *Stone Grp.*, ¶ 18 ("To be considered final, a judgment or order must address both liability and damages and damages must be reduced to a sum certain." (citations omitted)).

¶ 13     We review jurisdictional questions de novo.  *Springer v. City & County of Denver*, 13 P.3d 794, 798 (Colo. 2000).  If an appeal is untimely, we lack jurisdiction to hear it.  *People in Interest of A.J.*, 143 P.3d 1143, 1146 (Colo. App. 2006).

### B.     Father's Untimely Contentions

¶ 14     The following timeline covers the proceedings relevant to father's challenge to the merits of the contempt order and the

district court order, as well as his contention that the magistrate erred by awarding $5,690.13 in attorney fees to mother.

(1)    On March 20, 2024, the magistrate ordered contempt sanctions against father and granted mother her associated attorney fees.

(2)    On May 14, 2024, the district court denied father's petition for review of the magistrate's order and affirmed the magistrate's order.

(3)    On February 12, 2025, the magistrate reduced its attorney fee award to a sum certain, determining that father owed mother $5,690.13 in attorney fees related to the contempt sanctions.

(4)    On February 14, 2025, father filed a second petition for review that challenged, in part, the merits of the magistrate's order and its award of attorney fees.

(5)    On March 10, 2025, the district court denied father's second petition for review.

(6)    Father filed his notice of appeal on May 28, 2025.

¶ 15    Father's claims concerning the merits of the March 20, 2024, magistrate order and the May 14, 2024, district court order, along

with the magistrate's $5,690.13 award of attorney fees all became final on March 10, 2025, when the district court denied father's second petition for review. At that point, nothing remained for the district court to do with respect to the orders and associated attorney fee award. *See Camp Bird Colo., Inc.*, 215 P.3d at 1281. Father's deadline to file an appeal on these claims was consequently April 28, 2025. *See* C.A.R. 4(a)(1). Because father filed his appeal a month after that — on May 28, 2025 — his appeal is untimely and we lack the jurisdiction to hear it.

¶ 16    The following timeline covers the proceedings relevant to father's challenge to the district court's $2,923.32 attorney fee award.

>    (1)    On May 14, 2024, the district court denied father's petition for review of the magistrate's order, affirmed the magistrate's order, and awarded its own associated attorney fees to mother.

>    (2)    On January 7, 2025, the district court reduced its award of attorney fees granted in the May 14, 2024, order to a sum certain, determining that father owed mother $2,923.32.

(3)     On February 14, 2025, father filed a second petition for review that challenged, at least implicitly, the merits of the contempt findings that ultimately led to the $2,923.32 fee award. (As discussed above, father's second petition also challenged the attorney fee award entered by the magistrate in connection with the contempt proceeding).

(4)     On March 10, 2025, the district court denied father's second petition for review and, later, awarded $1,665 in separate, associated attorney fees to mother under section 13-17-102, C.R.S. 2025.[1]

---

[1] We recognize that when attorney fees are awarded as a remedial contempt sanction under C.R.C.P. 107(d)(2), the "contempt order is not final until the attorney fees portion of the remedial sanction has been completely resolved." *In re Marriage of January*, 2019 COA 87, ¶ 16. But in this case, the district court awarded fees against father pursuant to section 13-17-102, C.R.S. 2025, because it determined that father's arguments in his petition for review and motion for reconsideration of the order denying father's request to toll the appeal deadline were substantially frivolous, groundless, or vexatious. Thus, the magistrate's contempt order was final and appealable on March 10, 2025, and the outstanding issue of attorney fees awarded under section 13-17-102 did not prevent that finality.

¶ 17    Thus, father's challenge to the district court's award of $2,923.32 in attorney fees related to its May 14, 2024, order was final — at the latest — on March 10, 2025, when the district court denied father's second petition for review.[2]  Nothing then remained for the district court to do. *See Camp Bird Colo., Inc.*, 215 P.3d at 1281.  Father's deadline to file an appeal on these claims was consequently April 28, 2025.  *See* C.A.R. 4(a)(1).  Because father filed his appeal a month later — on May 28, 2025 — it is untimely and we lack the jurisdiction to hear it.

### III.    Father's Timely Contention

¶ 18    We turn next to father's challenge to the district court's April 14, 2025, award of attorney fees.

### A.    Timeline

¶ 19    The following timeline covers applicable proceedings related to father's challenge to the $1,665 award of attorney fees reduced to a sum certain on April 14, 2025.

---

[2] Mother asserts in her answer brief that the district court's award of $2,923.32, entered on January 7, 2025, was final and appealable when it was entered.  That is certainly possible, but we need not address the issue further because, even if the attorney fee award became final on March 10, 2025, father's appeal was untimely in any event.

(1)    On June 18, 2024, father filed a notice of appeal of the district court's denial of his first petition for review, including a claim disputing awards of attorney fees. This court dismissed the appeal because not all fee awards had been reduced to a sum certain and therefore father's appeal was not final.

(2)    On January 7, 2025, the district court reduced its award of attorney fees granted in its May 14, 2024, order to a sum certain, determining father owed mother $2,923.32. At this point, the magistrate had not yet reduced the award for the contempt proceeding to a sum certain.

(3)    On February 3, 2025, father filed a motion in the district court seeking to "toll the 49-day period to file a Notice of Appeal," noting that the magistrate had not yet calculated a sum certain amount for the contempt fee award and stating that he intended to challenge both the merits and amount of that award on appeal. Tolling was warranted, father argued, to avoid duplicative proceedings.

(4) On February 12, 2025, the district court, citing *Farm Deals, LLLP v. State, Dep't of Revenue*, 300 P.3d 921, 923-24 (Colo. App. 2012), denied father's tolling motion, explaining that it "does not have authority to toll or extend [appellate] deadlines."

(5) That same day, the magistrate reduced its award of attorney fees arising from the contempt proceeding to a sum certain, ordering father to pay mother $5,690.13 in attorney fees related to the contempt sanctions.

(6) On February 14, 2025, father filed a second petition to review the magistrate's award of attorney fees and a motion for reconsideration of the district court's order declining to toll or extend his appellate deadline. Mother opposed both filings and requested an award of attorney fees as a sanction.

(7) On March 10, 2025, the district court denied father's second petition for review and motion for reconsideration of the tolling order.

11

(8)    In a separate order issued on March 13, 2025, the court granted mother's request for fees under section 13-17-102.

(9)    On April 14, 2025, the district court reduced its award to a sum certain of $1,665 in attorney fees to mother in connection with the March 10, 2025, order.

¶ 20    Because the sum certain was not calculated until April 14, 2025, father's deadline to appeal was June 2, 2025.  *See* C.A.R. 4(a)(1).  Father filed his notice of appeal on May 28, 2025, making it timely. We therefore address his claim below.

### B.    $1,665 Award of Attorney Fees

¶ 21    Father contends that the district court erred by awarding $1,665 in attorney fees to mother based on its March 10, 2025, order denying father's second petition for review and accompanying motion to toll appellate deadlines.  We disagree.

### 1.    Applicable Law and Standard of Review

¶ 22    A district court may award "reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification." § 13-17-102(2).  A claim "lacks

12

substantial justification," as the basis for an award of attorney fees, when it is substantially frivolous, groundless, or vexatious. *In re Marriage of Roddy*, 2014 COA 96, ¶ 34. A claim is frivolous if its proponent can present no rational argument based on evidence or law. *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984). It is groundless if the argument is not supported by credible evidence. *Id.* And it is vexatious if it is brought or maintained in bad faith to annoy or harass another. *Colo. Ethics Watch v. Senate Majority Fund, LLC*, 275 P.3d 674, 686 (Colo. App. 2010), *aff'd*, 2012 CO 12.

¶ 23 When awarding fees, the court "shall specifically set forth the reasons for the award" and must consider a set of enumerated factors, including "[w]hether or not the action was prosecuted or defended, in whole or in part, in bad faith." § 13-17-103(1)(e), C.R.S. 2025. Bad faith may include conduct that is arbitrary, abusive, stubbornly litigious, or disrespectful of the truth. *City of Black Hawk v. Ficke*, 215 P.3d 1129, 1132 (Colo. App. 2008).

¶ 24 We review an award of attorney fees under section 13-17-102 for an abuse of discretion. *In re Marriage of Ensminger*, 209 P.3d 1163, 1165 (Colo. App. 2008). A court abuses its discretion where

its decision rests on a misunderstanding or misapplication of the law, *Genova v. Longs Peak Emergency Physicians, P.C.*, 72 P.3d 454, 458 (Colo. App. 2003), or is manifestly arbitrary, unreasonable, or unfair, *E-470 Pub. Highway Auth. v. Revenig*, 140 P.3d 227, 230 (Colo. App. 2006).

### 2. Analysis

¶ 25    From what we can discern, father claims the court's $1,665 award is unmerited because his arguments were supported by some legal authority and therefore were not substantially frivolous or groundless.

¶ 26    We conclude that the district court's award of fees was an appropriate exercise of its discretion. First and foremost, in the district court, father pointed to no legitimate authority for his repeated claims that the district court could toll appellate deadlines. Father did not cite any law in his first such request but instead simply asserted that "good faith" and "judicial economy" merited the extension. In its first order denying the tolling request, the court explained it lacked the "authority to toll or extend deadlines for the Colorado Court of Appeals" pursuant to C.A.R. 4(a) and directed father to binding appellate precedent supporting that

14

proposition. *See Farm Deals*, 300 P.3d at 924 (holding that there is no mechanism for a trial court to extend a deadline for the certification of an interlocutory appeal specified under the Colorado Appellate Rules). In his motion for reconsideration, father countered that C.A.R. 4(a)(4) "explicitly allows the [d]istrict [c]ourt to extend the notice of appeal deadline upon a showing of excusable neglect." However, the rule actually states that "[u]pon a showing of excusable neglect, *the appellate court* may extend the time to file the notice of appeal." *Id.* (emphasis added). And regardless, as the district court explained in its first order denying father's tolling request, even if it did have the authority to toll the appellate deadline, father "would have [had] to make a showing of excusable neglect[,] . . . something he . . . also failed to do."

¶ 27 The rest of father's arguments regarding tolling were an attempt to distinguish the holding in *Farm Deals*. But even here, father's analysis failed to show that the district court had authority to toll appellate deadlines. Indeed, he cited additional cases that, as the district court noted, "either [did] not exist, [did] not conclude what [father] states, or [were] not relevant to the issue regarding whether a [d]istrict [c]ourt can toll an appellate deadline." Having

15

reviewed father's motion to reconsider and the cases cited therein, we agree that that even those citations that were legitimate[3] were not remotely supportive of his legal arguments.

¶ 28    As for father's request that the district court reconsider its earlier decision affirming the magistrate's contempt order, his second petition reiterated the arguments in his first petition nearly verbatim. Because he presented no new arguments in his second petition, we agree that the district court had already "addressed and resolved" the issue and that there was no need to revisit it.

¶ 29    Given this context, combined with the history of the case, we concur with the district court's conclusion that father's motions "lacked substantial justification" and appeared to be part of a vexatious "pattern of behavior where [father] asks for reconsideration of any decision he does not agree with, despite legal precedent." We therefore affirm the district court's April 14, 2025, award of attorney fees against father in the amount of $1,665.

---

[3] Although there is perhaps another explanation for father's citations of nonexistent cases, we observe that they bear many of the hallmarks of "hallucinations" that are a well-publicized problem associated with generative artificial intelligence large language models. *See, e.g.*, *Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶¶ 25-35.

16

## IV. Appellate Attorney Fees

¶ 30　Mother requests attorney fees on appeal. Because she successfully defended the fee awards, we grant her request. *See Kennedy v. King Soopers Inc.*, 148 P.3d 385, 390 (Colo. App. 2006) ("When a party is awarded attorney fees for a prior stage of the proceedings, it may recover reasonable attorney fees and costs for successfully defending the appeal."); *see also 1046 Munras Props., L.P. v. Kabod Coffee*, 2025 COA 71, ¶ 39. We remand this matter to the district court to determine and award mother her reasonable appellate attorney fees and costs under C.A.R. 39.1 and C.A.R. 39(c)(1).

## V. Disposition

¶ 31　We dismiss as untimely the portion of this appeal related to the magistrate's and district court's orders issued on and before March 10, 2025. We affirm the district court's April 14, 2025, award of $1,665 in attorney fees against father. We remand the case for the district court to further calculate and award mother her attorney fees and costs under C.A.R. 39.1 and 39(c)(1).

　　JUDGE YUN and JUDGE SCHOCK concur.