**Park Journee ESTEP, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 86SC344.**

Supreme Court of Colorado, En Banc.

April 18, 1988.

---

Lance M. Sears, Mary G. Allen, Tegtmeier & Sears, P.C., Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent.

ROVIRA, Justice.

The court of appeals dismissed petitioner Park Journee Estep's appeal because the notice of appeal was not filed within the time prescribed by C.A.R. 4(b). Based on the unique facts of this case, we find that the court of appeals erred in denying Estep's motion to vacate the order of dismissal. We therefore reverse the order of dismissal and remand the case to the court of appeals with instructions to accept Estep's notice of appeal as timely filed.

## I.

Petitioner Park Journee Estep was convicted by jury of first-degree murder and

other crimes for events that occurred in 1974. The trial court imposed sentences to run consecutively for not less than 48 nor more than 67 years in the state penitentiary. The court of appeals reversed the convictions, *People v. Estep*, 39 Colo.App. 132, 566 P.2d 706 (1977), but we reversed the court of appeals' decision and reinstated the convictions. *People v. Estep*, 196 Colo. 340, 583 P.2d 927 (1978), *cert. denied*, 440 U.S. 983, 99 S.Ct. 1796, 60 L.Ed.2d 245 (1979).

In March 1979, Estep filed a motion under Crim.P. 35(a) alleging that the imposition of consecutive sentences was illegal and a separate motion under Crim.P. 35(b) seeking reconsideration of the various sentences.[1] A hearing was scheduled on the two motions for June 8, 1979, but at the request of Estep's counsel the hearing was continued to—and eventually vacated on—June 29, 1979. No further action was taken on the motions until Estep finally set them for hearing in 1986.

In 1984, an alleged serial killer named Ottis Toole claimed that he had committed the crimes for which Estep was convicted. In light of that confession, Estep's newly retained counsel, Tegtmeier & Sears, P.C., filed a motion in September 1984 for a new trial based on newly discovered evidence under Crim.P. 35(c).[2] An extensive and widely publicized hearing on that motion was held from February 6, 1986 until March 10, 1986.

On May 12, 1986, the trial court denied Estep's Rule 35(c) motion upon finding that "the defendant has not sustained his burden of proving that if a retrial were to take place and the Ottis Toole evidence were to be presented to a jury the result would probably be an acquittal." Estep thereafter had forty-five days—until June 26—to file a notice of appeal from the court's ruling. C.A.R. 4(b)(1). On May 23, an associate at Tegtmeier & Sears, Benjamin Waxman,[3] prepared a notice of appeal at the direction of partner Lance Sears and reviewed the notice with Sears. Although Waxman and Sears were aware of the June 26 filing deadline, Sears directed Waxman to place the notice in Estep's file until the court decided Estep's pending motions under Rules 35(a) and 35(b).

On June 19, Sears and Richard Tegtmeier appeared for Estep and Barney Iuppa and Royal Martin appeared for the People at a hearing scheduled on Estep's Rule 35(a) and 35(b) motions. At the outset of the recorded proceeding, the court noted that "the Court has had a discussion in chambers with all four counsel concerning the desirability, if not the necessity, of continuing this hearing." The transcript does not reflect the details of that discussion, but Sears attested in an uncontroverted affidavit later filed in the court of appeals that:

> The District Court and District Attorney desired to set the Rule 35(a) and (b) hearing to another date in order to more fully deal with the legal and factual issues involved. The District Attorney was concerned about several of the issues listed with the Rule 35(a) and (b) motions and was adamant about consolidating the ruling on these issues with the previous ruling regarding the motion for new trial and post-conviction relief. Although I voiced concern over the jurisdiction issue, we agreed to stipulate that the trial

---

1. At the time the petitioner filed the motions, Crim.P. 35(a) governed motions to correct illegal sentences and motions to reduce sentences, and Rule 35(b) governed motions for other post-conviction relief. On November 13, 1979, the rule was amended so that the present Rule 35(a) governs motions for relief from illegal sentences, Rule 35(b) governs motions for reduction of sentences, and Rule 35(c) governs motions for other post-conviction relief. We have referred to the motions as they are governed under the present rules.

2. Richard Tegtmeier was Estep's counsel throughout the original trial and subsequent direct appeals. The record does not reflect who represented Estep from March 1979 until September 1984, at which time Estep once again retained Tegtmeier and his law firm.

3. Waxman is not presently associated with Tegtmeier & Sears, P.C.

court's ruling and Mr. Estep's appellate rights could be preserved and the trial court could retain jurisdiction to rule on the pending motion.

The "jurisdiction issue" to which Sears referred was the recognition by the parties and the court that Estep's filing of a notice of appeal from the May 12 decision would divest the trial court of jurisdiction over the pending 35(a) and 35(b) motions and thereby further prolong the determination of those motions. *See Schnier v. District Court,* 696 P.2d 264 (Colo.1985); *People v. Dillon,* 655 P.2d 841 (Colo.1982). As a consequence, the court convened formally and the following discussion was held on the record:

MR. IUPPA: It is also discussed that the original notice of appeal is due according to Mr. Sears on or about June 26 of 1986, and that upon the filing of that document the trial court is divested of jurisdiction. In an effort to continue the trial court's jurisdiction to consider those motions we have agreed and would stipulate that the Court, assuming it's legally permissible, would extend the time limit by which that motion or that notice should be filed by 45 days so that we can continue to have this Court consider those motions that are presently pending and have not previously been ruled upon.

THE COURT: Mr. Tegtmeier.

MR. TEGTMEIER: And in addition to that, Your Honor, if indeed counsel feels that it's inappropriate or we are unable to extend that time for which the filing is due, then counsel would stipulate to the Court of Appeals to remand that narrow issue pending the consideration of [the] motion for new trial appeal.

MR. IUPPA: That is correct, Your Honor. We would so stipulate and would ask and join in with defense counsel to ask the Court of Appeals for a limited remand for the purposes of hearing the pending motions.

. . . .

MR. SEARS: Your Honor, there is one other thing, that is, I agree with Mr.

Iuppa that we can extend by stipulation the notice of appeal or that we can—that the Court can extend by stipulation the notice of appeal date. But I do not believe the Court could do that indefinitely. I would suggest that an additional 45 days be granted by stipulation for the filing of notice of appeal.

MR. IUPPA: I believe that's what I indicated on my original statement, Your Honor.

THE COURT: [C]ertainly I'm willing to the extent that it's in my—within my power to do so to grant an additional 45 days for filing the notice of appeal on my ruling on the motion for new trial.

It's important that this sentencing matter be resolved so that if there is an appeal everything can be considered by the appellate court at one time. So I will at this time order this hearing continued to July 10 at 9:30 in the morning.

Following the hearing, Sears requested Waxman to prepare for submission to the court of appeals a motion to extend the deadline for filing the notice of appeal. Waxman was unaware that the parties had agreed to a forty-five day extension, and thus the motion Waxman drafted sought only the maximum thirty-day extension permitted under C.A.R. 4(b). As grounds for the enlargement of time, the motion recited the procedural history of the various motions before the trial court and explained:

An enlargement of time as requested herein should be granted in the interest of judicial economy so that the trial court can retain jurisdiction to rule on the Defendant–Appellant's pending Motion to Vacate Sentence and Grant New Trial Pursuant to Rule 35(b) without the necessity of a limited remand. (If the trial court rules against him on this latter motion, the Defendant–Appellant intends to prosecute this appeal separate from his other appeal. Separate appeals are necessary because this court will require substantially more time to resolve the issues related to the Defendant–Appellant's Motion for Postconviction Relief than his Motion to Vacate ...).

Sears reviewed the motion, and Martin, on behalf of the People, joined in and signed the request, but neither Sears nor Martin noticed that the motion requested an extension of only thirty days.

On July 1, the court of appeals granted the motion and accordingly enlarged the time for filing the notice of appeal to and including July 28. Both Sears and Waxman saw the court of appeals' order several days later, but neither put the new deadline on his calendar. Sears continued working under the assumption that the filing deadline was August 11, or forty-five days after the original deadline.

On July 10, the trial court held a hearing on Estep's Rule 35(a) and 35(b) motions. At the conclusion of the hearing, the court took the motions under advisement and indicated that it would rule on them shortly. On August 1, Waxman became concerned that the trial court had not yet ruled on the motions. Upon reviewing the file, he discovered that the deadline for filing the notice of appeal had passed three days earlier, and he brought the problem to Sears' attention.

On August 1, the firm prepared and filed a second motion for enlargement of time, this time requesting under C.A.R. 26(b) that the time for filing the notice of appeal be extended to and including September 11, 1986. The motion noted that one extension had been granted pending the trial court's ruling on the unresolved motions, then cited as "good cause" for the second extension that:

2. It is anticipated that the trial court will rule on the Motion to Vacate Sentence and Grant New Trial pursuant to Rule 35(b) within the next forty-five days thereby allowing that matter to be joined with Defendant–Appellant's appeal from the trial court's denial of his motion for Postconviction Relief.

3. No harm or prejudice will come to any of the parties if this court grants the enlargement of time requested herein.

On August 12, the court of appeals denied Estep's second motion. On August 13, the trial court issued its order partially resolving Estep's Rule 35(a) and 35(b) motions. The court ordered first, that Estep's sentences for first-degree murder and aggravated robbery run concurrently instead of consecutively; second, that the sentences for assault and arson stand as running consecutive to the other sentences; and third, that a probation report be prepared to facilitate further consideration of Estep's motion for a reduction in sentence.

On August 19, defense counsel received the court of appeals' order denying the second motion for enlargement of time. Estep did not tender a motion requesting that the court of appeals accept the filings out of time, but instead responded by filing the previously prepared notice of appeal and a separate motion for limited remand. *See Dillon,* 655 P.2d at 844; *People v. District Court,* 638 P.2d 65 (Colo.1981). The latter requested that the trial court be permitted to retain jurisdiction so as to determine finally whether to reduce Estep's sentences, and proffered the following justification for the motion:

A limited remand is necessary to further the interests of judicial economy. Should the trial court favorably rule upon the Defendant–Appellant's request that his sentence be commuted, an appeal from the trial court's denial of the Defendant–Appellant's Motion for Postconviction Relief Based on Newly Discovered Evidence may be unnecessary. Even if the trial court denied the Defendant–Appellant's request that his sentence be reduced "in the interest of justice," a limited remand would allow a consolidated appeal of all matters raised before the trial court, thereby conserving judicial resources wasted through piecemeal appeals.

The People objected to the motion for limited remand alleging that the trial court was without jurisdiction to reconsider the

sentences imposed more than 120 days after Estep's convictions became final.[4] *See* Crim.P. 35(b); *Swainson v. People,* 712 P.2d 479 (Colo.1986).

On August 26, the court of appeals held that the notice of appeal was not timely filed and dismissed the appeal with prejudice.

On September 2, Estep filed a motion to vacate the order of dismissal for good cause under C.A.R. 26(b). Estep included in his motion for the first time an explanation of the agreement reached between the trial court, the People, and the defense. He supported his motion with affidavits from Waxman, Sears, and Tegtmeier attesting to the events outlined above, and also appended a transcript of the June 19 hearing at which the parties and the trial court discussed the best manner in which to proceed with the appeal. The court of appeals treated the motion as a petition for rehearing, and on September 12 denied the petition by a divided vote.

We granted Estep's petition for certiorari to consider whether under the unusual circumstances of this case the court of appeals erred in dismissing Estep's appeal, and if not, whether the dismissal was caused by the ineffective assistance of Estep's counsel, entitling Estep to reinstatement of his appeal.[5]

## II.

The filing of a notice of appeal in a criminal case is governed by C.A.R. 4(b)(1), which provides that:

In a criminal case the notice of appeal by a defendant shall be filed in the appellate court and an advisory copy served on the clerk of the trial court within forty-five days after the entry of the judgment or order appealed from.... Upon a showing of excusable neglect the appellate

court may, before or at any time after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this section (b).

An appellant may file a notice of appeal after the seventy-five day period permitted under C.A.R. 4(b)(1) only if the appellate court extends the time for filing such a notice under C.A.R. 26(b). *People v. Allen,* 182 Colo. 395, 513 P.2d 1060 (1973). C.A.R. 26(b) provides that:

The appellate court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; ...

 The timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review. *Widener v. District Court,* 200 Colo. 398, 615 P.2d 33 (1980); *People v. Silvola,* 198 Colo. 228, 597 P.2d 583 (1979). It is a fundamental principle of jurisprudence that parties may not waive subject matter restrictions on a court's jurisdiction. *Clinic Masters, Inc. v. District Court,* 192 Colo. 120, 556 P.2d 473 (1976); *Triebelhorn v. Turzanski,* 149 Colo. 558, 370 P.2d 757 (1962). As a consequence, parties may not extend filing deadlines by stipulation without the approval of the appellate court. *La Junta & Lamar Canal Co. v. Fort Lyon Canal Co.,* 25 Colo. 515, 55 P. 728 (1898); *Wilson v. People,* 25 Colo. 375, 55 P. 721 (1898); *Wilkinson v. Motor Vehicle Div., Dept. of Revenue,* 634 P.2d 1016 (Colo.App.1981).

 The determination of whether good cause exists for permitting the late filing of a notice of appeal under C.A.R. 26(b) is entrusted to the sound discretion of the

---

**4.** In their opposition to the motion for a limited remand, the People did not object to the untimely filing of the notice of appeal. Although the People later opposed the motion to vacate the order of dismissal, their opposition was filed three weeks after the motion was filed and

nearly two weeks after the court of appeals denied the motion.

**5.** In light of our decision, we do not reach the latter question.

court of appeals. That discretion is broad, *Weason v. Colorado Court of Appeals*, 731 P.2d 736 (Colo.1987), but may not be exercised in a manner that is manifestly arbitrary, unreasonable, or unfair.

■ As a preliminary matter, we must determine whether, as Estep urges, an attorney's mere inadvertence in failing to file a timely notice of appeal constitutes "good cause" under C.A.R. 26(b). The People contend that good cause requires a showing of exceptional circumstances amounting to conduct which is even less culpable than excusable neglect.

We have previously addressed in detail the circumstances that justify a finding of excusable neglect, *Farmers Ins. Group v. District Court*, 181 Colo. 85, 507 P.2d 865, *cert. denied sub nom. Lambert v. Supreme Court of Colorado*, 414 U.S. 878, 94 S.Ct. 156, 38 L.Ed.2d 123 (1973), and we agree with the People that it would be anomalous to permit a late filing on more culpable conduct under C.A.R. 26(b) after the initial period for filing a notice of appeal has expired. As a consequence, we hold that when an appellant pleads for an enlargement of time under C.A.R. 26(b) solely on the basis that his counsel has neglected to file the notice of appeal, that neglect constitutes "good cause" only if it satisfies the excusable neglect standard announced in *Farmers Ins. Group*.

■ It is clear from the circumstances of this case that defense counsel's neglect was inexcusable. First, the firm's failure to calendar the filing deadline was precisely the sort of carelessness this court and the court of appeals have condemned repeatedly in a variety of circumstances. *See Schuster v. Zwicker*, 659 P.2d 687 (Colo. 1983); *Farmers Ins. Group*, 181 Colo. 85, 507 P.2d 865; *Cox v. Adams*, 171 Colo. 37, 464 P.2d 513 (1970); *Johnston v. S.W. Devanney & Co.*, 719 P.2d 734 (Colo.App. 1986); *Biella v. State Dept. of Highways*, 652 P.2d 1100 (Colo.App.1982), *aff'd by an equally divided court*, 672 P.2d 529 (Colo. 1983).

Second, counsel's failures in this case were not made in the context of the sort of unusual circumstances we have previously found to support a finding of excusable neglect. In *Weason*, for example, the public defender's office was not notified that it had been appointed to represent the defendant until the last day on which the defendant could file a notice of appeal under C.A.R. 4(b)(1). We vacated the court of appeals' dismissal of the appeal and granted the defendant an opportunity to show that the failure to file the notice of appeal in a timely manner was due to excusable neglect. 731 P.2d at 738. In *Tyler v. Adams County Dept. of Social Services*, 697 P.2d 29 (Colo.1985), we excused the appellant's failure to file a motion for a new trial after the trial court assured him it was unnecessary. *See also Converse v. Zinke*, 635 P.2d 882 (Colo.1981) (strict time limits of C.R.C.P. 6(b) subject to "unusual circumstances" exception which excused party's reliance on erroneous time limitation ordered by court to file motion for judgment notwithstanding verdict). Those cases, taken together, suggest that an appellant's reasonable reliance on the court may excuse his failure to observe particular jurisdictional requirements. *See also People v. Creek*, 94 Ill.2d 526, 531, 69 Ill. Dec. 113, 115, 447 N.E.2d 330, 332 (1983) ("dismissing [an] appeal as untimely where the sole reason for delay lies in judicial error might well violate the due process guarantees of both our own and the Federal constitutions.").

Although the parties and the trial court were mistaken in believing that they could extend the filing deadline by stipulation, that mistake did not cause counsel's failure to file the notice of appeal on time. The agreement of the parties and the court contemplated that the defendant would file appropriate motions in the court of appeals; his failure to do so was based on inattention and not on any misunderstanding engendered by discussions in the trial court. The unusual judicial mistakes that *Tyler* and *Weason* relied on were not present here, and the record therefore does not

support a finding of excusable neglect sufficient to constitute good cause under C.A.R. 26(b).[6]

■ Although counsel's conduct in this case did not amount to excusable neglect, we do not read the good cause standard under C.A.R. 26(b) as limiting the court's inquiry to the culpability of appellant's counsel. Instead, if it appears that counsel's neglect is inexcusable, the court should consider further whether other factors weigh heavily in favor of permitting the late filing. Those factors include the potential prejudice the appellee may suffer from a late filing, the interests of judicial economy, and the propriety of requiring the defendant to pursue other remedies to redress his counsel's neglect.

■ In this case, we are persuaded that those considerations require that the appeal be reinstated for good cause under C.A.R. 26(b). First, it is clear that the People will suffer no prejudice from reinstatement of the appeal. They have known from the time that the trial court denied defendant's Rule 35(c) motion that he would appeal the trial court's decision, and in fact but for the People's insistence on taking up one consolidated appeal, it appears the defendant may well have filed the notice of appeal before the original June 26 deadline.

Neither the trial court nor the People have a duty, of course, to ensure that defendants comply with appellate procedural requirements. Nonetheless, we cannot ignore the fact that the defendant's attempt to accommodate the People's preference for a single appeal—and the necessity that

the trial court delay consideration of the pending Rule 35(a) and 35(b) motions—contributed in part to the untimely filing. In addition, the trial court, the People, and the defendant all envisioned that any appeals from the trial court's decisions would be taken only after the court had ruled on all three motions. Inasmuch as the court did not rule on the Rule 35(a) and 35(b) motions until August 13, we see no injustice in directing that the defendant's notice of appeal be accepted as timely filed.

Second, the defendant's remedy for the loss of his right to appeal ordinarily would be to institute yet another Rule 35(c) motion and to allege therein that his appeal was dismissed due to the ineffective assistance of counsel. *See Weason*, 731 P.2d at 738 n. 2; 731 P.2d at 739–40 (Erickson, J., dissenting). Although that remedy may be appropriate in most cases in which an appeal is dismissed due to counsel's inadvertence, we find that here, as in *Weason*, to require the defendant to pursue that means of redress would not serve the "interests of substantial justice and judicial economy." *Weason*, 731 P.2d at 738 n. 2. Nearly thirteen years have passed since defendant was originally convicted and more than three and one-half years have passed since he filed his motion for post-conviction relief under Rule 35(c). Neither society's nor the defendant's interest in securing a final determination of the issues raised in Estep's Rule 35(c) motion can be satisfied by further delaying consideration of the merits of that motion.

As a consequence, we find that the court of appeals erred in denying Estep's motion to vacate its order of dismissal. While the

6. We also note that defendant's counsel attempted to file the notice of appeal and motion for limited remand despite being fully aware that the filing period had expired and that the court had denied the second motion for enlargement. In *Niles v. Shinkle*, 119 Colo. 458, 204 P.2d 1077 (1949), we addressed a party's attempt to file a motion for a new trial without obtaining an extension from the trial court and concluded:

Authority for the court to permit a paper to be filed upon cause shown and on motion therefor, in the case of excusable neglect, is cer-

tainly not authority for such filing without permission of the court, without cause shown, and without motion therefor.

119 Colo. at 462, 204 P.2d at 1078 (affirming district court's order quashing motion for new trial). Similarly, C.A.R. 26(b) restricts relief to those cases in which good cause is shown upon the motion of the aggrieved party. As a consequence, proper procedure would have been to tender with the notice of appeal a separate motion showing good cause to accept the notice as timely.

second motion for enlargement did not allege sufficient grounds for permitting a further extension of time for filing the notice of appeal, we are satisfied that the uncontroverted facts, as set forth in the subsequent motion to vacate the order of dismissal, establish good cause for the untimely filing of the notice of appeal under C.A.R. 26(b).

Accordingly, the order of dismissal is reversed and the case is remanded to the court of appeals with instructions to accept the notice of appeal as timely filed.

Justice MULLARKEY does not participate.