The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
November 26, 2025

**2025COA90**

**No. 25CA0630, *People v. Jenkins* — Criminal Law — Release from Custody Pending Final Adjudication — Appellate Review of Terms and Conditions of Bail or Appeal Bond; Appellate Procedure — Appeals in Criminal Cases — Time for Filing a Notice of Appeal**

Addressing an unresolved issue of Colorado law, a division of the court of appeals considers whether a petition for appellate review of the terms and conditions of a criminal defendant's appeal bond under section 16-4-204, C.R.S. 2025, is subject to any filing deadline. The division holds that C.A.R. 4(b)'s forty-nine-day deadline for seeking appellate review in a criminal case applies to appeal bond petitions filed under section 16-4-204. The division further concludes that, although the defendant submitted his petition late, he has shown good cause for filing it beyond the deadline. The division therefore accepts the defendant's petition as timely filed.

COLORADO COURT OF APPEALS 2025COA90

Court of Appeals No. 25CA0630
Fremont County District Court No. 23M499
Honorable Kaitlin B. Turner, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Willis Jenkins,

Defendant-Appellant.

ORDER TO SHOW CAUSE DISCHARGED

Division A
Opinion by JUDGE SULLIVAN
Welling and Lum, JJ., concur

Announced November 26, 2025

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General and Assistant Solicitor General, Denver, Colorado, for
Plaintiff-Appellee

Robert P. Borquez, Alternate Defense Counsel, Denver, Colorado, for
Defendant-Appellant

¶ 1     We issued an order directing defendant, Willis Jenkins, to show cause why we shouldn't dismiss as untimely his petition for review of the district court's appeal bond decision under section 16-4-204, C.R.S. 2025.  Addressing an unresolved issue of Colorado law, we hold that C.A.R. 4(b)'s forty-nine-day deadline for appealing a trial court's judgment or order in a criminal case applies to appeal bond petitions filed under section 16-4-204.  But because Jenkins has shown good cause for filing his petition beyond the deadline, we discharge the order and accept Jenkins' petition as timely filed.  We will address the merits of Jenkins' petition by separate order.

## I.     Background

¶ 2     In 2023, Jenkins was charged with four counts of indecent exposure in Fremont County.  Because the sole county court judge in Fremont County recused herself, Jenkins' case was transferred to a district court judge.  Before trial, Jenkins pleaded guilty.  The court sentenced Jenkins to twenty-four months in jail.  Jenkins timely filed a notice of appeal with this court.

¶ 3     Just as his appeal was getting started, Jenkins filed a motion in the district court to stay the execution of his sentence pending appeal.  The district court denied Jenkins' motion.  Jenkins then

1

filed another motion with the district court, this time asking the court to (1) reconsider its denial of his request for a stay of execution pending appeal and (2) grant him an appeal bond under sections 16-4-201 to -205, C.R.S. 2025. The district court denied Jenkins' motion on May 20, 2025.

¶ 4      On August 13, 2025, Jenkins filed a petition for review with this court under section 16-4-204. In his petition, Jenkins asks that we grant his requests for an appeal bond and for a stay of execution pending appeal. We subsequently issued an order to show cause directing Jenkins to explain why we shouldn't dismiss the petition as untimely. *See People v. S.X.G.*, 2012 CO 5, ¶ 9 (appellate court may raise jurisdictional defects on its own accord). Jenkins and the People both filed responses.

## II.     Discussion

¶ 5      We conclude that C.A.R. 4(b)'s forty-nine-day deadline for seeking appellate review in a criminal case applies to an appeal of a trial court's appeal bond decision under section 16-4-204. But because Jenkins had good cause for filing his petition beyond the deadline, we accept his petition for review as timely.

## A.  Standard of Review

¶ 6    This case requires us to interpret section 16-4-204 and multiple appellate rules.  The interpretation of a statute or court rule is a question of law, which we review de novo.  *People v. Zhuk*, 239 P.3d 437, 438 (Colo. 2010).  When interpreting a statute, our primary purpose is to ascertain and give effect to the General Assembly's intent.  *People v. Burdette*, 2024 COA 38, ¶ 46.

¶ 7    Whether a party has shown good cause to permit the late filing of a notice of appeal "is entrusted to the sound discretion of the court of appeals."  *Estep v. People*, 753 P.2d 1241, 1246-47 (Colo. 1988).

## B.  C.A.R. 4(b) Applies to Petitions for Review of an Appeal Bond Decision Under Section 16-4-204

¶ 8    Subject to exceptions not applicable here, a court "may grant bail after a person is convicted, pending sentencing or appeal, only as provided by statute as enacted by the [G]eneral [A]ssembly."  Colo. Const. art. II, § 19(2.5)(a); *accord People v. Lewis*, 2024 CO 57, ¶ 13; *People v. Jones*, 2015 CO 20, ¶ 7.  The General Assembly's appeal bond statutes, sections 16-4-201 to -205, govern the procedure for seeking an appeal bond and provide factors that the

trial court must consider when deciding whether to grant an appeal bond. *Lewis*, ¶ 14.

¶ 9 After the trial court grants or denies an appeal bond, either the defendant or the People may seek appellate review under section 16-4-204, which provides the "exclusive appellate process" for review of an appeal bond ruling. *Id.* at ¶ 23. The statute states:

> After entry of an order pursuant to section 16-4-109[, C.R.S. 2025,] or 16-4-201, the defendant or the state may seek review of said order by filing a petition for review in the appellate court. If an order has been entered pursuant to section 16-4-104[, C.R.S. 2025], 16-4-109, or 16-4-201, the petition shall be the exclusive method of appellate review.

§ 16-4-204(1).

¶ 10 Noticeably absent from the statute is any deadline for seeking appellate review; it simply directs parties to "fil[e] a petition for review in the appellate court." *Id.* C.A.R. 9 also addresses appeal bonds but similarly doesn't specify a filing deadline.

¶ 11 The Colorado Appellate Rules fill the gap for appeals to this court, however, providing default filing deadlines when no other deadline applies. *See* C.A.R. 1(b) ("An appeal must be taken in accordance with these rules except for special proceedings in which

4

a different time period for taking an appeal is set by statute."").

Under C.A.R. 3(a), "[a]n appeal permitted by law as of right from a lower court to an appellate court must be taken by filing a notice of appeal with the clerk of the appellate court within the time allowed by C.A.R. 4." In turn, C.A.R. 4(b) says that the appellant in a criminal case, be it the defendant or the People, must file a notice of appeal within forty-nine days after entry of the judgment or order being appealed. C.A.R. 4(b)(1), (b)(6)(A).

¶ 12    Taken together, these rules make clear that C.A.R. 4(b) supplies the applicable deadline for seeking appellate review in a criminal case unless a different deadline is specified by statute or rule. Because section 16-4-204 and C.A.R. 9 are silent on the deadline for seeking review of an appeal bond ruling, C.A.R. 4(b)'s forty-nine-day deadline applies. *See Said v. Magdy*, 2024 COA 109, ¶¶ 1, 8 (applying C.A.R. 4's default deadline to appeals authorized under statute that didn't specify a filing deadline); *see also Chavez v. Chavez*, 2020 COA 70, ¶ 20 ("Timeliness is determined by the Colorado Appellate Rules." (citing C.A.R. 4(a))). Had the General Assembly intended a different filing deadline to apply to appellate review of an appeal bond ruling, it could have stated that deadline

expressly in section 16-4-204.  Indeed, it has done so in other statutes.  *See, e.g.*, § 22-63-302(10)(b), C.R.S. 2025 (twenty-one-day filing deadline applies to teacher appeals of dismissals from employment); § 8-74-107(2), C.R.S. 2025 (party must file appeal of Industrial Claim Appeals Panel's decision within twenty-one days of decision being mailed).

¶ 13    Reliance interests and principles of finality also support our interpretation.  Absent C.A.R. 4(b) applying, nothing would prevent an appellant from seeking review of an appeal bond ruling months, perhaps years, after the trial court issued its decision.  The People, for example, could choose to belatedly challenge a defendant's appeal bond years after the defendant had been released, potentially derailing important life decisions the defendant had made in the interim in reliance on having been granted an appeal bond.  We don't believe the General Assembly intended such a result.  *Cf. People in Interest of J.A.U. v. R.L.C.*, 47 P.3d 327, 331 (Colo. 2002) ("Individual parties who rely on existing judgments could be irreparably damaged by subsequent modifications to those judgments."); *E.J.R. v. Dist. Ct.*, 892 P.2d 222, 226 (Colo. 1995) ("We have long recognized that a definite public interest exists in the

6

assured final adjudication of controversies and conclusiveness of judgments.").

¶ 14　　We recognize that C.A.R. 4(b) requires the appealing party to file a "notice of appeal," not a petition for review as Jenkins filed in this case. C.A.R. 4(b)(1), (b)(6)(A). But substantial compliance with the rule governing the contents of a notice of appeal, C.A.R. 3, is all that is required. *People v. Bost*, 770 P.2d 1209, 1213 (Colo. 1989). So long as the prevailing party couldn't be misled concerning the appellant's intention to appeal or the judgment or order being appealed, any technical defect in the notice of appeal is harmless. *Id.* An appellant's failure to designate in the caption that the document is a notice of appeal, for example, will not defeat substantial compliance. *Widener v. Dist. Ct.*, 615 P.2d 33, 34 (Colo. 1980).

¶ 15　　Applying a substantial compliance standard, we conclude that Jenkins' petition for review satisfied the requirements of a notice of appeal. As an initial matter, we note that several Colorado laws, in addition to section 16-4-204(1), require the party seeking appellate review to file a "petition" to initiate the appellate process. *See, e.g.*, C.A.R. 4.2(d) (party must file a "petition to appeal" for interlocutory

7

review of unresolved questions of law in civil cases); § 11-59-117(3), C.R.S. 2025 (party must file "a petition in the court of appeals" to appeal a final order of the securities commissioner); § 24-34-307(3), C.R.S. 2025 (judicial review of decisions by the Colorado Civil Rights Commission initiated by "the filing of a petition in the court of appeals"). Thus, depending on the context, a "petition" can serve the same function as a notice of appeal by initiating the appeal.

¶ 16 Moreover, Jenkins' petition substantially complied with C.A.R. 3(g)'s requirements. Although the petition wasn't captioned as a notice of appeal, no party could be misled by its contents regarding Jenkins' intent to appeal the district court's order denying his requested appeal bond. As a result, we will treat Jenkins' petition as a notice of appeal. *See Bost*, 770 P.2d at 1213 (concluding a notice of appeal was adequate when the opposing party wasn't misled and the notice "clearly designated the issues to be resolved on appeal and the order of dismissal from which that appeal would be taken"); *Widener*, 615 P.2d at 34-35 (concluding motion to stay judgment and to approve appeal bond substantially complied with C.A.R. 3 and was adequate to constitute a notice of appeal).

¶ 17    To promote consistency and prevent confusion going forward, we provide the following guidance to parties seeking to appeal a trial court's appeal bond decision.  The appealing party should file a "petition for review" as contemplated by section 16-4-204 within forty-nine days of the trial court's ruling on the request for an appeal bond.  *See* C.A.R. 4(b)(1), (b)(6)(A).  Failure to file the petition by the deadline may preclude appellate review.  *See People v. Baker*, 104 P.3d 893, 895 (Colo. 2005).  In addition to satisfying the requirements of section 16-4-204, the appealing party should include in the petition the information required by C.A.R. 3(g) for a notice of appeal in a criminal case.

¶ 18    In the rare case in which the appealing party is unable to prepare a complete petition for review within forty-nine days — for example, when the hearing transcript required by section 16-4-204(2) isn't yet available — the party should timely file a notice of appeal and an accompanying motion for an extension of time to file the petition for review, keeping in mind that appellate review of an appeal bond decision is expedited.  *See Jones*, ¶ 15.  The court will then provide direction regarding when the petition itself, which serves as an opening brief, is due.

## C. Jenkins Has Shown Good Cause for His Late Appeal

¶ 19    Jenkins filed his petition for review on August 13, 2025, eighty-five days after the district court denied his request for an appeal bond. Thus, Jenkins' appeal is untimely under C.A.R. 4(b)(1)'s forty-nine-day deadline. And we may only extend the deadline by thirty-five days under the "excusable neglect" provision in C.A.R. 4(b)(3). Accordingly, Jenkins' petition isn't timely under that provision either.

¶ 20    But C.A.R. 26(c) permits us to extend the filing deadline beyond eighty-four days for "good cause shown." *See Baker*, 104 P.3d at 896; *Estep*, 753 P.2d at 1246. This reflects the legal tradition that, when a litigant is subject to continuing imprisonment, "the important public interests in judicial efficiency and finality must occasionally be accommodated." *Stutson v. United States*, 516 U.S. 193, 196 (1996).

¶ 21    In determining whether good cause exists to accept a late appeal, we must assess the totality of the circumstances. *Baker*, 104 P.3d at 896. Three nonexclusive factors inform our analysis: (1) the potential prejudice suffered by the People from the late filing; (2) the interests of judicial economy; and (3) the propriety of

requiring the defendant to pursue other remedies. *Id.* at 896-97 (citing *Estep*, 753 P.2d at 1248).

¶ 22 Applying those factors here, the People acknowledge that they aren't prejudiced by Jenkins' late filing and that the delay wasn't extreme. We also note that Jenkins and his counsel didn't have the benefit of our opinion when preparing his petition for review. Further, if we decline to accept Jenkins' petition, Jenkins may well have a cognizable claim for ineffective assistance of counsel. *See id.* at 898. But such a claim would likely have to be litigated through a Crim. P. 35(c) motion for postconviction relief. *See Baker*, 104 P.3d at 898. Given Jenkins' relatively short twenty-four-month sentence and the length of time it would take to fully litigate a postconviction claim for ineffective assistance of counsel, forcing Jenkins to pursue this alternate remedy wouldn't serve the interests of judicial economy or substantial justice. Thus, we conclude good cause exists to accept Jenkins' late petition for review. *See Estep*, 753 P.2d at 1248 (finding good cause when the People weren't prejudiced by the late filing and defendant's alternate remedy was to file another motion for postconviction review and argue ineffective assistance of counsel).

### III. Conclusion

¶ 23     We accept Jenkins' petition for review as timely filed and discharge the order to show cause.

JUDGE WELLING and JUDGE LUM concur.