24CA1412 Peo v Ahuero 03-05-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1412
City and County of Denver District Court No. 12CR1562
Honorable W. Terry Ruckriegle, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Stephen J. Ahuero,

Defendant-Appellant.

---

APPEAL DISMISSED

Division III
Opinion by JUDGE MOULTRIE
Dunn and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

---

Philip J. Weiser, Attorney General, John T. Lee, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Adrienne R. Teodorovic, Alternate Defense Counsel, Windsor, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Stephen J. Ahuero appeals the postconviction court's denial of his Crim. P. 35(c) motion for postconviction relief.  He contends that his trial counsel was ineffective by failing to challenge a juror for cause and thereby allowing a biased juror to serve on the jury.  We conclude that Ahuero's notice of appeal was untimely and dismiss the appeal.

## I.     Background

¶ 2     In April 2012, Ahuero was charged with one count of sexual assault on a child and one count of sexual assault on a child — position of trust.  A jury found him guilty as charged.

¶ 3     On direct appeal, a division of this court reversed Ahuero's convictions.  *People v. Ahuero*, (Colo. App. No. 13CA0453, Sept. 17, 2015) (not published pursuant to C.A.R. 35(f)) (*Ahuero I*).  Our supreme court reversed and remanded the case to this court to decide several issues that were not decided in *Ahuero I*.  *People v. Ahuero*, 2017 CO 90, ¶ 17 (*Ahuero II*).  On remand, the division affirmed Ahuero's convictions.  *People v. Ahuero*, (Colo. App. No. 13CA0453, Feb. 1, 2018) (not published pursuant to C.A.R. 35(e)) (*Ahuero III*).

¶ 4     In October 2018, Ahuero timely filed a Crim. P. 35(c) petition for postconviction relief.  The postconviction court appointed him counsel, and postconviction counsel filed a supplement.  The postconviction court denied several of Ahuero's claims without a hearing.  However, the court held a two-day hearing on nine claims of ineffective assistance by Ahuero's trial counsel, including, as relevant here, that his counsel was ineffective with respect to his voir dire questioning of a specific juror, "Juror V" (voir dire claim).

¶ 5     In November 2022, the postconviction court issued an order granting in part and denying in part Ahuero's claims of ineffective assistance of trial counsel (Rule 35(c) order).  The court found multiple instances of deficient representation.  Accordingly, the postconviction court vacated Ahuero's convictions and ordered a new trial.  But the postconviction court rejected Ahuero's remaining assertions of ineffective assistance, including his voir dire claim — the issue in this appeal.

¶ 6     In January 2023, the People timely filed a notice of appeal of the Rule 35(c) order.  *See People v. Ahuero*, slip op. at ¶ 14 (Colo. App. No. 23CA0096, Jan. 25, 2024) (not published pursuant to C.A.R. 35(e)) (*Ahuero IV*).  The *Ahuero IV* division reversed the

postconviction court, concluding in part that there weren't "any instances of trial counsel's deficient performance that prejudiced defendant, . . . let alone multiple instances of prejudice, that would justify vacating defendant's convictions." *Ahuero IV*, slip. op. at ¶ 52. Neither party raised, nor did the division address, the postconviction court's denial of Ahuero's voir dire claim.

¶ 7 On June 24, 2024, the supreme court denied Ahuero's petition for writ of certiorari, and the mandate issued the next day. Ahuero filed a motion for appointment of appellate counsel and to proceed in forma pauperis shortly thereafter. The postconviction court expressed concerns about "what grounds exist to appeal this [c]ourt's prior Crim. P. 35(c) ruling given that an appeal of that [o]rder to the appellate courts has already been completed and returned to this [c]ourt," but it granted the motion considering "the long history of this matter."

¶ 8 On August 6, 2024, 615 days after the postconviction court issued its Rule 35(c) order but 42 days after the *Ahuero IV* mandate issued, Ahuero filed the notice of appeal in this case.

II.    Analysis

¶ 9    Ahuero contends that the postconviction court erred when it denied his voir dire claim.  The People assert that we should not reach this appeal's merits because Ahuero's (1) notice of appeal was untimely and we therefore lack jurisdiction; (2) claim is successive under Rule 35(c)(3)(VII); and (3) arguments differ from those he raised to the postconviction court and are thus unpreserved. Ahuero argues that his appeal is timely because ripeness and/or mootness concerns didn't allow him to challenge unfavorable rulings in the Rule 35(c) order during the *Ahuero IV* appeal.

A.    Ahuero's Notice of Appeal Is Untimely

¶ 10    We lack jurisdiction to consider an untimely appeal.  *People v. Baker*, 104 P.3d 893, 895 (Colo. 2005).  "Timeliness is determined by the Colorado Appellate Rules."  *Chavez v. Chavez*, 2020 COA 70, ¶ 20 (citing C.A.R. 4(a)); *see People v. Jenkins*, 2025 COA 90, ¶ 12 (applying *Chavez* to C.A.R. 4(b)).  C.A.R. 4(b)(1) provides that, absent exceptions not relevant here, a criminal defendant's "notice of appeal must be filed in the appellate court and an advisory copy served on the lower court within 49 days after entry of the judgment or order appealed from."  And "[a] judgment or order is entered

within the meaning of [C.A.R. 4(b)] when it is entered in the criminal docket."  C.A.R. 4(b)(4).

¶ 11     Ahuero argues his appeal is timely because until the *Ahuero IV* division decided the People's appeal, any appeal he might have brought was not ripe because his postconviction motion was partially granted.  And he argues that any cross-appeal would have been moot had the *Ahuero IV* division denied the People's appeal.  But the timeliness of Ahuero's appeal is based on when the postconviction court entered the Rule 35(c) order — not when, by Ahuero's assessment, certain issues were "ripe" or "not moot" because of the division's resolution of *Ahuero IV*.  Ahuero therefore needed to file any notice of appeal within 49 days after the postconviction court entered the Rule 35(c) order; that the People appealed doesn't change that requirement.  His notice of appeal in this case, which was filed nearly two years after the postconviction court entered its order, is untimely.

### B.    Ahuero Has Not Established Good Cause for This Court to Accept His Untimely Notice of Appeal

¶ 12     We could still exercise our discretion to accept the untimely notice of appeal if we find good cause to do so.

> C.A.R. 26(b) allows the appellate court to enlarge the time for filing or permit an act to be done after the expiration of a deadline for good cause shown. C.A.R. 2 also allows the court of appeals to suspend the requirements or provisions of any of the appellate rules in a particular case "in the interest of expediting decision, or for other good cause shown." Taken individually and collectively, the Rules confer discretion on the court of appeals to extend jurisdiction over appeals filed outside the forty-[nine] day time limit under certain circumstances upon a showing of excusable neglect or good cause.

*Baker*, 104 P.3d at 896 (citation omitted).

¶ 13 Our "discretion in accepting late-filed notices of appeal is broad" but "may not be exercised in a manner that is arbitrary, unreasonable or unfair." *Id.* "The determination of whether good cause exists naturally depends on the particular facts of each case and should be made after assessing the totality of the circumstances." *Id.* Three nonexclusive factors that we may consider include "1) the potential prejudice the People may suffer from late filing, 2) the interests of judicial economy, and 3) the propriety of requiring the defendant to pursue other remedies." *Id.* at 896-97.

6

¶ 14    We directed the parties to submit supplemental briefing regarding whether there is good cause, under *Baker*, for us to accept Ahuero's notice of appeal if we determined it to be untimely. Ahuero argues that there is good cause to accept his untimely notice of appeal because (1) there is no prejudice to the People in allowing this appeal to proceed on the merits because, as indicated by his zealous defense of the Rule 35(c) order in the *Ahuero IV* appeal, the People were on notice of his intent to seek affirmance of that order; (2) any failure to timely file a cross-appeal of the Rule 35(c) order is attributable to his prior postconviction counsel rather than to him; and (3) addressing his arguments' merits is in the interest of judicial economy because dismissing this appeal will likely result in additional postconviction proceedings and "[f]urther delay will serve neither society's nor Ahuero's interest in finality." And at oral argument, Ahuero's attorney suggested that his circumstances are similar to those that led the supreme court to find good cause in *Estep v. People*, 753 P.2d 1241 (Colo. 1988), the case which informs *Baker*. We aren't persuaded.

¶ 15    Even assuming that there is limited prejudice to the People (which the People acknowledge), we disagree that the circumstances

7

of this case are such that there is good cause for this court to accept Ahuero's untimely appeal for three reasons.

¶ 16   First, we disagree with Ahuero that the circumstances here are akin to those in *Estep.*  In *Estep,* the postconviction court — at the urging of both parties — attempted to extend the deadline to appeal the denial of the defendant's Rule 35(c) motion so the court could retain jurisdiction to decide pending Rule 35(a) and Rule 35(b) motions.  *Id.* at 1243-44.  But in part because "parties may not extend filing deadlines by stipulation without the approval of the appellate court," *id.* at 1246, and in part due to clear inexcusable negligence by defense counsel, the defendant's notice of appeal was rejected as untimely by a division of this court.  *See id.* at 1244-46. The supreme court reversed, concluding that the circumstances "establish[ed] good cause for the untimely filing of the notice of appeal under C.A.R. 26(b)."  *Id.* at 1249.

¶ 17   The circumstances here differ from those in *Estep* in a significant way because, unlike with the defendant in *Estep,* neither the People nor the postconviction court contributed to Ahuero's untimely appeal.  *See id.* at 1248 ("[W]e cannot ignore the fact that the defendant's attempt to accommodate the People's preference for

a single appeal — and the necessity that the trial court delay consideration of the pending Rule 35(a) and 35(b) motions — contributed in part to the untimely filing."); *see also Baker*, 104 P.3d at 897 ("Baker's failure to file a timely appeal can be attributed to the failure of both his trial counsel and the trial court to perform duties owed to criminal defendants.").  Moreover, in *Estep* it was "clear from the circumstances . . . that defense counsel's neglect was inexcusable," *Estep*, 753 P.2d at 1247, whereas here it's not clear whether Ahuero's prior counsel's decision not to raise the voir dire claim in the *Ahuero IV* appeal constituted strategy or neglect.

¶ 18    Second, to the extent that Ahuero argues that his concerns about ripeness or mootness are circumstances that we should consider — and weigh in his favor — to conclude that there is good cause to accept his untimely appeal, we reject that argument. Whether an issue raised on appeal is ripe or moot is ultimately a legal determination for this court, *see People v. Vigil*, 2023 COA 12,

¶¶ 12, 15, and Ahuero failed to raise these concerns during the *Ahuero IV* appeal.[1]

¶ 19     Third, contrary to Ahuero's assertions, he could have challenged the postconviction court's denial of his ineffective assistance claim during the *Ahuero IV* appeal. C.A.R. 3(h) contemplates cross-appeals in all cases, not just civil cases,[2] and cross-appeals by criminal defendants are not uncommon. *See, e.g., People v. Dunlap*, 124 P.3d 780, 792 (Colo. App. 2004) ("By cross-appeal, defendant challenges the partial denial of his [Rule 35(c)] motion."). Divisions of this court have acknowledged the right to cross-appeal even when the district court grants a criminal defendant his full requested relief. *See People v. Hansen*, 972 P.2d 283, 284 (Colo. App. 1998) (in an appeal of an order granting a Rule 35(c) motion, noting that the defendant did not cross-appeal the

---

[1] Although the answer brief Ahuero filed in *Ahuero IV* is not in the record on appeal, we take judicial notice of it under CRE 201. *See People v. Linares-Guzman*, 195 P.3d 1130, 1135 (Colo. App. 2008) ("A court may take judicial notice of its own records.").

[2] C.A.R. 4(b) doesn't specifically address cross-appeals, but that doesn't mean that the rule prohibits them. Instead, by "not provid[ing] for sequential submissions, as is provided for civil cross-appeals," the rule "mandates that both parties submit their notices of appeal during the same forty-[nine]-day period." *People v. Gilmore*, 97 P.3d 123, 128 (Colo. App. 2003).

postconviction court's "determination as to sufficiency of the evidence concerning permanent disfigurement nor its failure to address his remaining contentions"); *People v. Kovacs*, 2012 COA 111, ¶ 20 (in an appeal of criminal charges dismissed for lack of probable cause, declining to address an argument rejected by the district court because the defendant hadn't renewed the argument "either by way of a conditional cross-appeal or by way of an alternative argument for affirmance"); *see also People v. Notyce*, 2014 COA 52, ¶ 18 (Webb, J., specially concurring) (concluding that "applying a procedural bar based on [a] defendant's failure to cross-appeal is consistent with Colorado criminal cases").

¶ 20    Further, since Ahuero was only seeking affirmance of the Rule 35(c) order, he could have raised his voir dire claim as an alternative argument in support of the order without needing to cross-appeal — even if such an argument required prior counsel to challenge the postconviction court's conclusions with respect to the denied claims. *See Blocker Expl. Co. v. Frontier Expl., Inc.*, 740 P.2d 983, 989 (Colo. 1987) ("An appellee 'may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the

11

reasoning of the lower court . . . .'" (quoting *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924))); *Kovacs*, ¶ 20; *see also People v. Hamm*, 2019 COA 90, ¶ 23 (appellate courts review a postconviction court's legal conclusions de novo and may affirm the postconviction court's order on any ground supported by the record).

¶ 21    We recognize that if we decline to accept Ahuero's notice of appeal, he might have a cognizable claim for ineffective assistance of counsel that would be required to be litigated through additional postconviction proceedings under Rule 35(c). *See Jenkins*, ¶ 22. But that process may be appropriate under the circumstances here. The record before us doesn't contain any information surrounding the circumstances leading up to *Ahuero IV*. *Cf. Estep*, 753 P.2d at 1246 (The defendant's C.A.R. 26(b) motion included "an explanation of the agreement reached between the trial court, the People, and the defense"; affidavits from his attorneys; and a transcript of the "hearing at which the parties and the trial court discussed the best manner in which to proceed with the appeal."). By going through the postconviction process, the parties and the postconviction court will have the opportunity to develop the record regarding whether

Ahuero's prior counsel's failure to timely pursue an appeal of the Rule 35(c) order resulted from a reasonable strategic decision, *see People v. Smith*, 2024 CO 3, ¶ 26 (the determination of which appellate claims to pursue is a strategic decision entrusted to counsel), or from deficient conduct that entitles him to relief, *see People v. Sharp*, 2019 COA 133, ¶ 30 (defendant must show actual prejudice unless counsel's ineffectiveness caused the complete forfeiture of an appeal as matter of right or a postconviction proceeding).

¶ 22 Because we conclude Ahuero hasn't established good cause for filing of his notice of appeal untimely, we don't reach his appeal's merits or the People's other arguments in opposition to the same.

### III. Disposition

¶ 23 Ahuero's appeal is dismissed.

JUDGE DUNN and JUDGE HAWTHORNE concur.